JEWETT, PLAINTIFF, *v.* JOHNSON ET, DEFENDANTS.

Common Pleas Court, Paulding County.

No. 19003.   Decided October 15, 1963.

*Mr. Frederick R. Turkow, Messrs. Turkow, Dennis &
Danehy,* for plaintiff.
*Mr. John F. DeMuth,* prosecuting attorney.

HITCHCOCK, J.   Defendants have filed a motion for sum-
mary judgment.

Plaintiff's amended petition alleges negligence of defend-
ants, Roy S. Johnson, Burd E. Davis, and Joe Williamson (suc-
cessor to Orville Todd, a commissioner when this action was
filed) as members of the Board of County Commissioners of
this county, charging that on July 19, 1960, a road sweeper then
being operated by the county highway department on the Canal

road near the northeastern corner of the county had created a great cloud of dust of such size and density that the sweeper was invisible to travelers on the highway and this plaintiff as he apprached it driving in an easterly direction; that there were no signs or barricades along the highway to warn plaintiff of this condition; that there were also numerous holes in the road the presence of which plaintiff was not apprised by signs or barricades and which were made invisible to him by said cloud of dust; that plaintiff drove his automobile into this cloud of dust where his right front tire hit a hole or holes, blew out, and his automobile struck defendants' road sweeper so that he suffered loss to his automobile in the sum of $1945 and personal injury such that he prays total judgment of $45,000.

Defendants answered with a general denial.

Thereafter defendants duly propounded six interrogatories as provided under Section 2317.07, Revised Code, all of which plaintiff answered as follows:

1. Q. At the time and place of the collision alleged in the petition, was defendants' road sweeper obstructing the highway?

A. Yes, it was.

2. Q. Were plaintiff's alleged injuries and damages the proximate result of the collision between plaintiff's vehicle and defendants' road sweeper?

A. Yes.

3. Q. Was defendants' road sweeper obscured from plaintiff's vision because of a cloud of dust?

A. Yes.

4. Q. At what speed was plaintiff's vehicle traveling when it entered the alleged cloud of dust.

A. Approximately 35 miles per hour.

5. Q. How far away from the alleged cloud of dust was plaintiff when he first saw it?

A. Approximately 500 feet.

6. Q. What was the distance plaintiff's vehicle traveled from the point where it entered the cloud of dust to the point where it collided with defendants' sweeper?

A. I am not positive as to the distance traveled.

Section 2311.041, Revised Code, in pertinent part, reads:

"(B) ... Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, admissions of the genuineness of papers or documents, and affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A summary judgment shall not be rendered unless it appears from the pleadings, depositions, answer to interrogatories, admissions of the genuineness of papers or documents, and affidavits, if any, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made; the party against whom the motion for summary judgment is made is entitled to have such depositions, answers to interrogatories, admissions of the genuineness of papers or documents, and affidavits construed most strongly in his favor. ..."

Plaintiff, in his petition and by his answers to the interrogatories admitted that he saw the cloud of dust about five hundred feet before he entered it; that he entered it driving approximately thirty-five miles per hour; that he drove into said dust cloud an undetermined distance; that within said dust cloud he struck a hole (causing his right front tire to blow out) and the road sweeper, both of which had been invisible by reason of this cloud of dust. By affidavit submitted before argument, plaintiff adds that the blown out tire caused his automobile to strike the road sweeper and at the hearing his counsel argued that but for the hole, plaintiff might well have avoided collision with the road sweeper.

Defendants at this stage accept plaintiff's petition, sworn answers and affidavit as to what happened. As to the facts so established there is no material issue. Do they constitute contributory negligence precluding recovery by plaintiff? If so, defendants are entitled to judgment; if not, plaintiff is entitled to present his cause to the jury.

In answering this question the court has given careful consideration to the case of *Woods* v. *Brown's Bakery*, 171 Ohio St., 383, 171 N. E. (2d), 496, 14 Ohio Opinions (2d), 145 (1960), which was originally tried in this court.

The factual pattern in this *Woods case* was complicated by the fact that plaintiff's automobile struck the truck of de-

fendant which had entered an intersection in fog. There, upon trial, the jury specifically found plaintiff to have been driving 32 miles per hour at time of impact and that defendant's truck was beyond plaintiff's vision immediately upon entering the intersection.

Plaintiff's testimony was that he could only see 20 to 30 feet ahead in the fog. Our supreme court held that in light of the jury's finding as to controverted facts (chiefly speed of both vehicles), plaintiff's own testimony as to his forward visibility, and that 83 feet are needed in which to stop an automobile traveling 30 miles per hour, the trial judge erred in failing to grant judgment notwithstanding the verdict of $35,000 rendered by the jury in favor of plaintiff. Finding that reasonable minds could come only to the conclusion that plaintiff's conduct constituted contributory negligence as a matter of law the court rendered final judgment for defendant.

For the purpose of obscuring vision we can see no difference between fog and a cloud of dust. Nor can we see why mechanical creation of a dust cloud causes its hazards to be less apparent to anyone. In fact, the perception that it is dust should surely put reasonable men on notice that there is probably some cause therefor other than phenomena of nature.

Consequently, we conclude upon the facts, admitted by plaintiff in his answers to defendants' interrogatories, and alleged in his petition and affidavit, plaintiff has clearly established that he was guilty of negligence directly contributing to his injuries. The reasons are well stated in the words of Judge Maxey of the Supreme Court of Pennsylvania in a fog case quoted with approval by our supreme court in *Woods* at pp. 389-390 of the official reporter, viz.:

". . . Fog is fog and its obscurative qualities are known to all individuals who possess even the slight amount of intelligence legally required to qualify one to drive an automobile on the public highways. When plaintiff drove his car into a fog bank which hid a truck from view, he simply spurned prudence and relied on chance. That chance failed him is his misfortune, not defendant's fault. . . ."

The mere chance that plaintiff might have avoided collision with the road sweeper had he not first hit a hole, also invisible by reason of the dust cloud, seems inconsequential as estab-

lishing any material issue of fact, the scintilla rule being no longer law in Ohio.

Obviously plaintiff failed to stop within the assured clear distance ahead as required by Section 4511.21, Revised Code, and as to this proposition there is no material issue of fact. Such failure constitutes contributory negligence precluding recovery. Consequently, defendants are entitled to summary judgment at plaintiff's costs, it being the purpose of Section 2311.041, Revised Code, to terminate useless and expensive litigation when there is no genuine issue as to any material fact. *Petroff* v. *Commercial Motor Freight*, 82 Ohio Law Abs., 433, 12 Ohio Opinions (2d), 484, 165 N. E. (2d), 840 (1960); *DeWitt Motor Company* v. *Bodnark*, 84 Ohio Law Abs., 48, 14 Ohio Opinions (2d), 25, 169 N. E. (2d), 660 (1960).

Counsel may prepare an appropriate journal entry.